UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY SINCHAK          CIVIL ACTION NO.
V.                       3:00 CV 34 (SRU)
WARDEN STRANGE           JUNE 8, 2006

STATUS REPORT

1.) PETITIONERS STATE HABEAS CORPUS PETITION, TITLED, SINCHAK V. WARDEN NO. CV00-800827 IS STILL PENDING IN THE CONNECTICUT SUPERIOR COURT.

2.) PETITIONER IS REPRESENTED ON THE AFORSAID PETITION FOR WRIT OF HABEAS CORPUS BY SPECIAL PUBLIC DEFENDER, DONALD O'BRIEN, 132 FIRETOWN ROAD, SIMSBURY, CT., 06070. TELEPHONE NO. (860) 408-9600.

3.) THE AFORSAID PETITION IS CURRANTLEY BEING PREPARED FOR LITIGATION.

4) PETITIONERS CASE IS ALSO STILL UNDER INVESTIGATION BY THE CONNECTICUT INNOCENCE PROJECT, A DIVISION OF THE PUBLIC DEFENDERS UNIT. ATTORNEY KAREN A. GOODROW, CO-CHAIR, 30 TRINITY STREET, 4TH FLOOR, HARTFORD, CT. 06106. TELEPHONE NUMBER, (860) 870-3250. THEY HAVE BEEN INVESTIGATING THE PETITIONERS CASE FOR OVER A YEAR NOW. THIER INVESTIGATION IS PENDING.

5) IN ADDITION THE PETITIONER HAS INSTITUTED HIS OWN INVESTIGATION IN ORDER TO EXPIDITE LITIGATION OF THIS MATTER AT THE STATE LEVEL, BY FILING "FREEDOM OF INFORMATION ACT" REQUESTS WITH THE INVESTIGATORY AGENCIES INVOLVED IN THIS CASE. (REQUESTS WERE MADE UNDER CONNECTICUT GENERAL STATUTE NUMBERS 1-210 ET AL)

    A.) THE CONNECTICUT STATE POLICE HAVE COMPLIED
    B.) THE SHELTON CONNECTICUT POLICE HAVE COMPLIED
    C.) THE WATERBURY CONNECTICUT POLICE HAVE NOT COMPLIED, BUT THE FREEDOM OF INFORMATION COMMISSION HAS ISSUED THE ATTACHED PROPOSED FINAL DECISION. THIS IS SET FOR A FINAL HEARING AT 2PM ON JUNE 14TH 2006
    D.) OFFICE OF THE CHIEF MEDICAL EXAMINER, STATE OF CONNECTICUT, H. WAYNE CARVER II M.D. HAS COMPLIED.

6) ALSO, IN ADDITION, THE PETITIONER HAS SECURED THE SERVICES OF BRIAN J. GESTRING, M.S., DIRECTOR OF THE FORENSIC SCIENCE PROGRAM AT PACE UNIVERSITY, 1 PACE PLAZA, N.Y., N.Y. 10038. TELEPHONE NUMBER, (212) 346-1967 TO DO A LIMITED REVIEW OF THE FORENSIC/AUTOPSY RESULTS, TO AID IN THE LITIGATION OF THE PETITIONERS STATE PETITION FOR WRIT OF HABEAS CORPUS

## CONCLUSION

THE PETITIONER IS TRYING EVERY AVENUE TO EXPIDITE THIS LITIGATION ON BOTH THE STATE AND FEDERAL LEVEL. PETITIONER HAS HAD TO LITIGATE SEVERAL APPEALS, PRO SE, IN CONNECTICUT SUPERIOR COURTS TO GAIN ORDERS TO OBTAIN NEEDED DOCUMENTS IN ADDITION TO IMPLORING HIS STATE APPOINTED COUNSEL TO EXPIDITE THIER EFFORTS.

PETITIONER WILL CONTINUE IN THESE EFFORTS, AND PRAYS THIS HONORABLE COURT IS UNDERSTANDING OF HIS EFFORTS, AND PATIENT WITH HIS PETITION.

RESPECTFULLY SUBMITTED,

[signature] JUNE 8, 2006
A.J. SINCHAK (PRO SE)
※ 64249
CCIC 900 HIGHLAND AVE.
CHESHIRE, CT. 06410

## CERTIFICATION

I HEREBY CERTIFY, UNDER PENALTY OF PURJURY, THAT A TRUE COPY OF THE FORGOING STATUS REPORT, WITH 2 ATTACHMENTS, SUBMITTED TO THE U.S. DISTRICT COURT (DATED JUNE 8, 2006) WAS SENT VIA U.S. MAIL, 1ST CLASS TO THE COUNSEL FOR THE RESPONDANT:

    MICHAEL E O'HARE
    OFFICE OF THE CHIEF STATES ATTORNEY
    300 CORPORATE PLACE
    ROCKY HILL, CT. 06067

ON THIS DATE, JUNE 8, 2006.

RESPECTFULLY SUBMITTED, SIGNED, AND MAILED, THIS DATE, JUNE 8, 2006

*[signature]* JUN. 8, 2006.
A.J. SINCHAK (PRO SE)
# 64249
CCIC 900 HIGHLAND AVE
CHESHIRE, CT. 06410



Brian J. Gestring, M.S.
Director, Forensic Science Program
1 Pace Plaza, New York, NY 10038
(212)346-1967

E-mail: bgestring@pace.edu

April 20, 2006

Anthony Sinchak
#64249
CCIC
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Sinchak:

I have received your letter dated April 8, 2006. Our program could provide a limited pro bono evaluation of the forensic evidence on your case; however, I would first recommend that you speak with your council. As I am sure you are aware in our legal system you are innocent until proven guilty, but once you are found guilty there must be a specific reason to challenge your conviction. Being innocent of the crime unfortunately is not always reason enough. To this end I would be willing to evaluate the evidence that was used at your trial and the transcripts of the testimony of experts that testified against you. Unfortunately I have no funding for this venture so I would not be able to incur any expenses for copying documents, duplicating images or postage. If you can find a mechanism to accomplish these tasks, I would be glad to review the evidence on your case.

Sincerely,

**FREEDOM OF INFORMATION COMMISSION**
**OF THE STATE OF CONNECTICUT**
18-20 Trinity Street   Hartford, CT  06106
Telephone:  (860) 566-5682
Toll-free (CT only):  (866) 374-3617
Fax:  (860) 566-6474

Anthony Sinchak,

        Complainant(s)                                                         Notice of Meeting

  against

                                                  Docket #FIC 2005-293

Chief, Police Department, City of Waterbury,

                                                  May 26, 2006

        Respondent(s)

Transmittal of Proposed Final Decision

      In accordance with Section 4-179 of the Connecticut General Statutes, the Freedom of Information Commission hereby transmits to you the proposed finding and decision prepared by the hearing officer in the above-captioned matter.

      This will notify you that the Commission will consider this matter for disposition at its meeting which will be held in the Freedom of Information Commission Hearing Room, 18-20 Trinity Street, 1st floor, Hartford, Connecticut, at **2 p.m. on Wednesday, June 14, 2006.** At that time and place you will be allowed to offer oral argument concerning this proposed finding and order. Oral argument shall be limited to ten (10) minutes. For good cause shown, however, the Commission may increase the period of time for argument. A request for additional time must be made in writing and should be filed with the Commission *on or before June 6, 2006.* Such request **MUST BE (1) copied to all parties, or if the parties are represented, to such representatives, and (2) include a notation indicating such notice to all parties or their representatives**

      Although a brief or memorandum of law is not required, if you decide to submit such a document, the Commission requests that an <u>**original and nine (9) copies**</u> be filed *on or before June 6, 2006.* **PLEASE NOTE:  Any correspondence, brief or memorandum directed to the Commissioners by any party or representative of any party MUST BE (1) copied to all parties, or if the parties are represented, to such representatives, (2) include a notation indicating such notice to all parties or their representatives and (3) be limited to argument. NO NEW EVIDENCE MAY BE SUBMITTED.**

      If you have already filed a brief or memorandum with the hearing officer and wish to have that document distributed to each member of the Commission, it is requested that **ten (10) copies** be filed *on or before June 6, 2006,* and that **notice be given to all parties, or if the parties are represented, to their representatives that such previously filed document is being submitted to the Commissioners for review.**

                                                      By Order of the Freedom of Information Commission

                                                      Dolores E. Tarnowski, Clerk of the Commission

Notice to:
Anthony Sinchak
Charles E. Oman III, Esq.
courtesy copy:  Joan M. Ellis, Department of Correction

FREEDOM OF FREEDOM OF INFORMATION COMMISSION
OF THE STATE OF CONNECTICUT

In the Matter of a Complaint by                    Report of Hearing Officer

Anthony Sinchak,

      Complainant

   against                                            Docket #FIC 2005-293

Chief, Police Department, City of
Waterbury,

      Respondent                               May 26, 2006

     The above-captioned matter was heard as a contested case on September 29, 2005, at which time the complainant and the respondent appeared and presented testimony, exhibits and argument on the complaint.[1] Prior to the lengthy hearing being adjourned the hearing officer indicated that such hearing would be continued to a future date for the taking of additional evidence. However, after review of the record in this case, the hearing officer determined that additional evidence was not necessary for the determination of the sole issue raised in this appeal, namely, whether the respondent complied with the Commission's order in contested case docket# FIC 2003-061 Anthony J. Sinchak v. Chief, Police Department, City of Waterbury (hereinafter "FIC 2003-061").

     After consideration of the entire record, the following facts are found and conclusions of law are reached:

     1. The respondent is a public agency within the meaning of §1-200(1), G.S.

     2. By letter of complaint dated June 15, 2005 and filed on June 20, 2005, the complainant appealed to the Commission alleging that the respondent failed to fully comply with the Commission's order in FIC 2003-061.

     3. The Commission's order in FIC 2003-061 was issued on February 4, 2004 and indicated the following:

> 1. The respondent shall forthwith provide the complainant with a copy of the records described in paragraph 24, of the findings, above.

---

[1] The complainant who is incarcerated appeared via telephone pursuant to Order of the Court, Sheldon, J. dated January 21, 2004 in Sinchak v. Freedom of Information Commission, CV-03-0826293-S (2003), Superior Court, Hartford.

> 2. The respondent shall forthwith conduct a diligent search of the records to determine whether or not there are other records within the context of this decision which should be provided, and to provide copies of such records, and to provide to the complainant a list of any records which it claims are exempt, and to provide the basis of such claimed exemption on such records."

4. The only issue presently before the Commission is whether the respondent complied with the Commission's order described in paragraph 3, above.

5. With respect to order number 1, described in paragraph 3, above, the respondent conceded at the hearing in this matter, and it is found, that the respondent did not provide the complainant with a copy of the records as described in paragraph 24 of the findings in FIC 2003-061. Specifically, the respondent did not provide the complainant with the following pages of the in camera records described in paragraph 24 of the findings in FIC 2003-061: pages 38, 99, 239, 241, 245, 247, 260, 266, 268, 273, 289, 291 and 292. It is also found that the following pages were provided to the complainant but were redacted beyond the Commission's order: pages 6, 7, 25, 30, 51, 52, 254, 259, 264, 282, 286, 298 and 301.

6. It is therefore concluded that, with respect to the Commission's order number 1 in FIC 2003-061, the respondent failed to comply with such order. At the hearing in this matter, counsel for the respondent represented that he turned over the pages described in paragraph 5, above, to the Department of Correction ("DOC") on the day of the hearing in this matter. The DOC confirmed at the hearing in this matter that it received such pages.

7. However, it is found that the records described in paragraph 5, above, were ordered to be disclosed to the complainant, after the Commission conducted the hearing in FIC 2003-061, after painstakingly reviewing such records in camera, and after addressing all claims of exemption raised by the respondent, including the exemption set forth in §1-210(b)(18), G.S.[2] In FIC 2003-061, the Commission concluded, with respect to such records that: "the respondent and the DOC failed to prove that the DOC commissioner has reasonable grounds to believe that disclosure of the records described

---

[2] Section 1-210(b)(18), G.S., exempts from mandatory disclosure: "records, the disclosure of which the Commissioner of Correction ... has reasonable grounds to believe may result in a safety risk, including the risk of harm to any person or the risk of an escape from, or a disorder in, a correctional institution or facility under the supervision of the Department of Correction...." Setion 1-210(c), G.S., further provides: "Whenever a public agency receives a request from any person confined in a correctional institution or facility ... for disclosure of any public record under the Freedom of Information Act, the public agency shall promptly notify the Commissioner of Correction ...of such request, in the manner prescribed by the commissioner, before complying with the request as required by the Freedom of Information Act. If the commissioner believes the requested record is exempt from disclosure pursuant to subdivision (18) of subsection (b) of this section, the commissioner may withhold such record from such person when the record is delivered to the person's correctional institution or facility ...."

in paragraph 24...may result in a safety risk within the meaning of §1-210(b)(18), G.S. See FIC 2003-061, finding 26. Consequently, the issue of whether the records, ordered disclosed in FIC 2003-061, order number 1, are exempt from disclosure was already put to rest. Therefore, the pages ordered disclosed pursuant to order number 1 should not have been provided to the DOC for a further determination of whether they are exempt from disclosure.

       8. With respect to order number 2, described in paragraph 3, above, such order can be broken down into three parts.

       9. First, order number 2 required that the respondent conduct a diligent search to determine if there are other records within the context of FIC 2003-061, which exist, and which are responsive to the complainant's records request at issue in FIC 2003-061.

       10. With respect to this first part of order number 2, it is found that within approximately one month of receiving the Commission's order in FIC 2003-061, the respondent conducted a search and located 114 pages of records.[3] It is found however, that such search was not "diligent" and that many, many more records exist in the respondent's files.[4] It is found that the existence of these "many" additional records was never brought to the attention of the Commission during the hearing in FIC 2003-061 although the respondent was aware of their existence at the time of such hearing. It is found that the existence of these "many" additional records was not brought to the Commission's attention by the respondent until the hearing in this matter, and only after being challenged by the complainant and the hearing officer in this matter. It is found that the existence of such additional records was purposely withheld from the Commission by the respondent during the hearing in FIC 2003-061, upon the advice of counsel, whose opinion apparently was that in order for the respondent to comply with the complainant's records request, the respondent would have to engage in "research", which is not required by the FOI Act.[5] It is found that the withholding of this key information by counsel regarding the existence of the many additional records was not in keeping with counsel's responsibility to be candid and forthright when practicing before this Commission. It is found that the existence of these records should have been brought to the Commission's attention, and then, if counsel sincerely believed that the "research" claim had merit, then he should have presented such claim to the Commission on behalf of his client, and given the Commission, which is the legislatively authorized body charged with making the determination of whether records are disclosable or not, an opportunity to address whether "research" was involved in complying with the records

---

[3] By cover letter dated March 1, 2004, the respondent informed the Commission that, following its search, 106 pages of records were located. Such cover letter was accompanied by a redacted copy of the records located, which pages, upon review by the Commission, total 114 pages and not 106 pages. The cover letter indicated that it was copied to the complainant. However, at the hearing in this matter the complainant could not confirm that he had received the March 1, 2004 letter from the respondent.
[4] The respondent testified at the hearing in this matter that, for example, "paper records" (as opposed to computer stored records) that the respondent maintains for the years 1983 through 1991 had never even been searched in connection with the complainant's records request at issue herein and in FIC 2003-061.
[5] The respondent is presently being represented in this matter by different counsel.

request at issue. In light of the foregoing, it is concluded that the respondent failed to comply with the first part of order number 2.

11. Second, order number 2 required that the respondent provide copies of any records found as a result of the respondent's diligent search. It has already been found that the respondent did not conduct a diligent search. However, it is also found that the respondent provided the complainant with 232 pages of records.[6] It is concluded that in light of the fact that the respondent did not conduct a diligent search, the respondent did not fully comply with this portion of order number 2.

12. Third, order number 2 required that the respondent provide the complainant with a list of any records found (as a result of his diligent search), for which the respondent claims an exemption, along with the basis for such claimed exemption. It is found that besides the 114 pages of records described herein, the respondent has not provided the complainant with a list of records located, for which the respondent is claiming an exemption, and the basis for any such claim of exemption. With respect to the 114 pages of records located by the respondent, and described in finding 10, above, it is found that the respondent indicated in a March 1, 2004 letter addressed to the Commission that he provided the complainant with a list of such records, and the basis of exemptions being claimed by the respondent with respect to such records.[7] It is concluded that the respondent did not fully comply with this portion of order number 2.

13. The record in this case reflects that the respondent has already had two opportunities to: a) in good faith diligently search his records, b) be candid and truthful in informing the Commission of the extent of all records that he has that are responsive to the records request at issue in FIC 2003-061, and c) claim exemptions which may apply. At every step of the way in this case the respondent has disregarded and disrespected this Commission's process and order. First, during the Commission's hearing in FIC 2003-061, the respondent and his counsel led the hearing officer and the Commission to believe that <u>all</u> records that were responsive to the complainant's request at issue were being submitted to the Commission by the respondent for an <u>in camera</u> inspection with respect to claims of exemption being made by the respondent. This was not the case. Counsel for the respondent, only upon being challenged by the complainant at the FOI Commission's meeting at which the Hearing Officer's Report in 2003-061 was being considered by the Commission, disclosed for the first time that more records existed than were provided to the hearing officer for <u>in camera</u> inspection. Upon hearing this disclosure, the Commission leniently fashioned order number 2 in FIC 2003-061 so that the respondent could have a second opportunity to thoroughly search his records, and "provide to the complainant a list of any records which it claims are exempt, and to provide the basis of such claimed exemption on such records", which the respondent has again failed to do. The respondent has not demonstrated good faith in this entire matter, and has failed to conduct a thorough and diligent search of his records in this case, and

---

[6] At the hearing in this matter, the complainant acknowledged that during 2005 he received over 100 pages of records on two occasions from the respondent.

[7] At the hearing in this matter, the complainant could not confirm that he had received the March 1, 2004 cover letter and the accompanying list containing the exemptions being claimed.

should not now be permitted, after some two years since the Commission issued its order in 2003-061, yet another opportunity to now go and do what he should have long done.

14. Indeed, it is found that many of the records at issue herein and in FIC 2003-061, were a part of the complainant's murder and kidnapping trial, to which the complainant and his counsel had access during the course of such trial. See State of Connecticut v. Sinchak, 18 Conn. L. Rptr. 65 (1996). However, the Commission, on its own initiative, upon carefully reviewing that court's decision is also mindful of, and guided by, such decision with respect to a motion to unseal certain records concerning his murder and kidnapping trial, filed by the complainant. It is found that in State of Connecticut v. Sinchak, 18 Conn. L. Rptr. 65 (1996) the court unsealed the following records: "(1) defendant's exhibits 22A through 22I for identification (search and arrest warrants); (2) court exhibit XII (witness statements and police reports); and (3) court exhibit XIV (supplemental reports)", however, the court did not unseal "defendant's exhibit 51 for identification, which comprises the entire investigatory file of the Waterbury Police Department concerning" the complainant's prosecution (hereinafter "exhibit 51"). Id.

The following order by the Commission is hereby recommended on the basis of the record concerning the above-captioned complaint:

1. The respondent shall forthwith, comply with the Commission's order number 1 in FIC 2003-061.

2. The respondent shall forthwith, provide the complainant with a copy of all records responsive to his request, which have resulted from the respondent's diligent search of his records, including, "(1) defendant's exhibits 22A through 22I for identification (search and arrest warrants); (2) court exhibit XII (witness statements and police reports); and (3) court exhibit XIV (supplemental reports)", as described in State of Connecticut v. Sinchak, 18 Conn. L. Rptr. 65 (1996), and referenced in paragraph 14 of the findings, above. However, in keeping with such court's decision, and the principle of comity, the respondent may withhold any records that constitute "exhibit 51", as described in State of Connecticut v. Sinchak, 18 Conn. L. Rptr. 65 (1996), which was not unsealed by such court.

_____
Attorney Barbara E. Housen
as Hearing Officer

FIC2005-293/hor/beh/05262006