UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY J. SINCHAK, : | |
|       Petitioner, : | |
| : | PRISONER |
| v. : | CASE NO. 3:00-cv-34(SRU) |
| : | |
| WARDEN STRANGE, : | |
|       Respondent. : | |

**RULING ON MOTION FOR RECONSIDERATION**

The petitioner, Anthony J. Sinchak, is currently confined at the Cheshire Correctional Institution. In January 2000, he filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1995 conviction for murder and kidnapping. In July 2000, while his federal petition was pending, the petitioner filed a habeas petition in the Connecticut Superior Court for the Judicial District of Hartford. *See Sinchak v. Warden*, No. TSR-CV-000800827-S, 2007 WL 2081355, at *1 (Conn. Super. Ct. June 29, 2007). The petitioner subsequently moved to amend the petition filed in this action and also moved to stay this action while he litigated his state habeas petition. *See* Mot. Amend Pet., Doc. No. 16; Mot. Place Petition Protected Suspension, Doc. No. 17.

On January 8, 2001, the court granted the petitioner leave to file an amended petition. *See* Ruling and Order, Doc. No. 23. On August 30, 2001, the court granted the petitioner's motion to stay this action while he litigated his claims in the state habeas petition. On April 24, 2003, the court dismissed the action without prejudice to reopening after the petitioner exhausted his state remedies as to the claims in his state habeas petition that he sought to assert in this action.

On July 28, 2003, the court vacated the judgment dismissing the case without prejudice and stayed this action to allow the petitioner to exhaust his available state remedies as to claims that he had raised in the state habeas petition.  The court ordered the petitioner to file a written report within thirty days of the date that he finished exhausting his state remedies.  *See* Notice, Doc. No. 49.

On October 5, 2007, the petitioner informed the court that he had filed a second state habeas petition and that he had appealed both the dismissal of that petition and the denial of the petition filed in 2000.  *See* Status Report, Doc. No. 56.  On February 22, 2011, the Connecticut Appellate Court dismissed the appeal of the trial court's denial of the state habeas petition filed in 2000.  *See Sinchak v. Comm'r of Correction*, 14 A.3d 348, 357 (2011).  On April 27, 2011, the Connecticut Supreme Court denied the petition for certification to appeal from the decision of the Connecticut Appellate Court.  *See Sinchak v. Comm'r of Correction*, 17 A.3d 1045 (2011).

On February 22, 2011, the Connecticut Appellate Court reversed and remanded the decision dismissing the 2007 state petition as premature.  *See Sinchak v. Comm'r of Correction*, 14 A.3d 343, 348 (2011).  The Appellate Court instructed the trial court to appoint counsel for the petitioner and to further proceed with the claims in the 2007 habeas petition.  *See id.*

On August 28, 2014, the trial court denied the 2007 habeas petition.  *See Sinchak v. Warden*, No. CV074001895, 2014 WL 4922252 (Conn. Super. Ct. Aug. 28, 2014).  On October 23, 2015, the petitioner informed the court that the appeal of the trial court's decision remains pending at the Connecticut Appellate Court.  *See* Status Report, Doc. No. 87.

On May 27, 2011, the petitioner filed a motion in this action seeking clarification as to whether the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), and applicable to

2

habeas petitions filed pursuant to 28 U.S.C. § 2254, would be tolled while he pursued his claims in state court.  On March 20, 2012, the court granted the motion for clarification and informed the petitioner that claims raised in his habeas petition filed in this action on January 7, 2000 would not be barred by the statute of limitations.  Because the petitioner did not file a state habeas petition within one year after the conclusion of the direct appeal of his conviction to the Connecticut Supreme Court[1] and the United States Supreme Court had held that the filing of a federal petition does not toll the limitations period, the court concluded that any new claims asserted in the state habeas petition filed in July 2000 would be barred by the one-year statute of limitations.  *See* Ruling and Order, Doc. No. 71 (citing *Duncan v. Walker*, 533 U.S. 167 (2001)).  The petitioner seeks reconsideration of the court's March 20, 2012 ruling granting the motion for clarification.

      A motion for reconsideration must be filed within fourteen days of the filing of the order the party seeks to challenge.  *See* Rule 7(c), D. Conn. L. Civ. R. ("Motions for Reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which relief is sought . . .").  The motion for reconsideration is dated October 21, 2015, and was received by the court on October 23, 2015.  Thus, the motion was filed more than three years

---

[1] The petitioner appealed the conviction to the Connecticut Appellate Court.  *See State v. Sinchak*, 703 A.2d 790 (1997).  On January 19, 1999, the Connecticut Supreme Court dismissed the appeal of the decision of the Connecticut Appellate Court.  *See State v. Sinchak*, 721 A.2d 1193, 1194 (1999).  The conviction became final for statute of limitations purposes on April 19, 1999, at the conclusion of the ninety-day period of time within which petitioner could have filed a petition for certiorari seeking review by the United States Supreme Court of the decision of the Connecticut Supreme Court dismissing his appeal of the decision of the Connecticut Appellate Court affirming his convictions.  *See Gonzalez v. Thaler*, ___U.S. ___, 132 S. Ct. 641, 653-54 (2012) (state conviction becomes final when the United States Supreme Court affirms a conviction on the merits or denies a petition for writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state

after the ruling granting the motion for clarification.  Accordingly, it is untimely and is denied.

## Conclusion

The Motion for Reconsideration [**Doc. No. 85**] is **DENIED** as untimely.  To the extent that it is necessary, the petitioner may make any tolling arguments with regard to the claims in his petition after he has completed the exhaustion of state remedies with respect to the claims in his current state habeas petition.[2]

SO ORDERED at Bridgeport, Connecticut this 26th day of July 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

has completed direct review of the judgment of conviction).

[2] Counsel for the Respondent contends that in 1995, the petitioner filed an application for sentence review with the Sentence Review Division of the Connecticut Superior Court.  *See* Resp. Mot. Recon., Doc. No. 88 at 11.  The Sentence Review Division did not rule on that application until November 23, 2004.  *See State v. Sinchak*, No. CR92207969, 2004 WL 3090618 (Conn. Super. Ct. Nov. 23, 2004).  Neither the petitioner, nor the respondent made the court aware of the application for sentence review or its disposition prior to the ruling on the motion for clarification in March 2012.  In view of the United States Supreme Court's decision in *Wall v. Kholi*, 562 U.S. 545 (2011), it is possible that the time during which the sentence review application was pending in state court may toll the limitations period.  The court will consider any arguments made by the petitioner regarding tolling of the limitations period when he has finished exhausting his state court remedies as to the claims in the 2007 state habeas petition and the stay has been lifted in this case.