UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY SINCHAK,
    Petitioner,

v.

WARDEN STRANGE,
    Respondent.

No. 3:00-cv-00034 (SRU)

## ORDER DISMISSING CASE WITHOUT PREJUDICE

The petitioner, Anthony J. Sinchak—currently confined at the Garner Correctional Institution in Newtown, Connecticut—filed a petition for writ of habeas corpus on January 7, 2000, challenging his 1995 convictions in state court pursuant to 28 U.S.C. § 2254.

On April 21, 1995, a jury convicted Sinchak of one count of murder in violation of Conn. Gen. Stat. § 53a-54a, and two counts of first degree kidnapping in violation of Conn. Gen. Stat. § 53a-92(a)(2)(B). *See Sinchak v. Comm'r of Corr.*, 173 Conn. App. 352, 357 (2017). On July 20, 1995, Sinchak received a total effective sentence of 96 years of imprisonment.[1] *See Sinchak v. Warden*, 2007 WL 2081355, at *5–*6 (Conn. Super. Ct. June 29, 2007).

On November 11, 1997, the Connecticut Appellate Court affirmed Sinchak's conviction and sentence. *See State* v. *Sinchak*, 47 Conn. App. 134, 136 (1997). On January 15, 1998, the Connecticut Supreme Court granted certification limited to two issues. *See State v. Sinchak*, 243 Conn. 964 (1998). On January 19, 1999, the Court determined that it had improvidently granted certification with respect to both questions and dismissed Sinchak's appeal. *See State v. Sinchak*,

---

[1] That same year, Sinchak filed an application for sentence review with the Sentence Review Division of the Connecticut Superior Court. *See* Resp. Mot. Recon., Doc. No. 88, at 11. The Sentence Review Division did not rule on that application—affirming Sinchak's sentence—until November 23, 2004. *See State v. Sinchak*, 2004 WL 3090618 (Conn. Super. Ct. Nov. 23, 2004).

1

247 Conn. 440, 441 (1999) (per curiam). On February 13, 2015, Sinchak moved the Appellate Court to file a late petition for certification to the Connecticut Supreme Court, in order to appeal the Appellate Court's decision affirming his conviction and sentence. *See State v. Sinchak*, No. AC 16557. The Appellate Court denied Sinchak's motion on July 22, 2015. *See id.* On October 7, 2015, the Connecticut Supreme Court denied Sinchak's late petition for certification to appeal from the decision of the Appellate Court. *See State v. Sinchak*, 319 Conn. 926 (2015).

Sinchak initiated the present federal habeas proceedings on January 7, 2000. While his federal habeas petition was pending, Sinchak filed two state habeas petitions in Connecticut Superior Court (on July 26, 2000, and July 3, 2001, respectively). *See Sinchak v. Warden*, 2007 WL 2081355, at *1 (Conn. Super. Ct. June 29, 2007). On July 30, 2001, the Superior Court consolidated the 2000 and 2001 state habeas petitions. *See id.*

On October 4, 2000, Sinchak moved this court (1) to amend his federal habeas petition, and (2) to stay this action while he litigated his state habeas petition. *See* Mot. Amend Pet., Doc. No. 16; Mot. Place Pet. Protected Suspension, Doc. No. 17. On January 8, 2001, I granted Sinchak leave to file an amended petition, *see* Ruling & Order, Doc. No. 23, and on August 30, 2001, I ordered the action stayed while Sinchak litigated the claims in his state habeas petition. *See* Ruling & Order, Doc. No. 29.

On April 24, 2003, I dismissed Sinchak's federal habeas petition without prejudice to reopening after he exhausted his state court remedies. *See* Docs. Nos. 33 & 34. I vacated that order on July 28, 2003, and directed that the case be reopened and stayed so that Sinchak could exhaust his state court remedies. *See* Ruling, Doc. No. 46. I also ordered Sinchak to file a written report within thirty days of exhausting his state remedies. *See id.*

On June 29, 2007, the Connecticut Superior Court denied Sinchak's consolidated first and second state habeas petitions. *See Sinchak v. Warden*, 2007 WL 2081355, at *13 (Conn. Super. Ct. June 29, 2007). On July 25, 2007, Sinchak filed a third state habeas petition in Superior Court. *See Sinchak v. Warden*, 2014 WL 4922252, at *1 (Conn. Super. Ct. Aug. 28, 2014). On March 25, 2008, Sinchak informed me that the Superior Court had dismissed his third state habeas petition. *See* Status Rep., Doc. No. 58, at 3. Sinchak indicated that he had appealed both the dismissal of the third state habeas petition and also the denial of the consolidated first and second state habeas petitions. *See id.* at 1.

On October 13, 2010, Sinchak filed a fourth state habeas petition in Connecticut Superior Court. *See Sinchak*, 173 Conn. App. at 359 n.4. The Superior Court dismissed Sinchak's fourth habeas petition because it failed to comply with Connecticut Practice Book § 23-24, and denied Sinchak's request for certification to appeal. *See id.* On April 19, 2011, the Appellate Court dismissed Sinchak's appeal from the dismissal of his fourth state habeas petition. *See id.*

On February 22, 2011, the Appellate Court dismissed Sinchak's appeal of the denial of his consolidated first and second state habeas petitions. *See Sinchak v. Comm'r of Corr.*, 126 Conn. App. 670, 683 (2011). On April 27, 2011, the Connecticut Supreme Court denied Sinchak's petition for certification to appeal the decision of the Appellate Court. *See Sinchak v. Comm'r of Corr.*, 301 Conn. 901 (2011).

On February 22, 2011, the Appellate Court reversed the dismissal of Sinchak's third state habeas petition as premature, and remanded the case back to Connecticut Superior Court. *See Sinchak v. Comm'r of Correction*, 126 Conn. App. 684, 692 (2011). The Appellate Court instructed the Superior Court to appoint counsel for Sinchak and to further proceed with the claims in the third state habeas petition. *See id.*

On August 28, 2014, the Superior Court denied Sinchak's third state habeas petition. *See Sinchak v. Warden*, 2014 WL 4922252 (Conn. Super. Ct. Aug. 28, 2014). On May 23, 2017, the Appellate Court affirmed the Superior Court's denial of Sinchak's third state habeas petition. *See Sinchak*, 173 Conn. App. at 378.

In a status report filed on July 21, 2017, Sinchak indicated that his attorney has filed a petition for certification to the Connecticut Supreme Court to appeal the decision of the Appellate Court. *See* Status Report, Doc. No. 91 at 1. That petition for certification remains pending. *See id.* Sinchak also reported that, in February 2017, he filed a fifth state habeas petition, which remains pending. *See id.* at 1–2. In addition, Sinchak indicated that he intended to file a motion to correct his sentence in the Superior Court within 90 days. *See id.*

In 2003, when I stayed the present action so that Sinchak could exhaust his state court remedies, I expected that Sinchak would move to lift the stay within a reasonable time. Instead, this case has remained pending for over 14 years—becoming one of the oldest cases in this district—while Sinchak has filed several more state habeas petitions and appeals.

In order to efficiently manage my docket, I will now lift the stay and administratively close the case without prejudice. Sinchak may move to reopen after he exhausts his claims in state court. Dismissing the case without prejudice will have the same effect, for purposes of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), as maintaining the stay. *See Fine v. Erfe*, 2017 WL 1362682, at *4 (D. Conn. Apr. 11, 2017) (dismissing case without prejudice to reopening after petitioner exhausted state court remedies, rather than staying case).

## Conclusion

The **STAY** imposed on July 28, 2003, Doc. No. 46, is **LIFTED**. Sinchak's Amended Petition for Writ of Habeas Corpus, Doc. No. 24, is **DISMISSED** without prejudice. Sinchak

4

may move to reopen the case **no more than 30 days** after he fully exhausts his available state court remedies with respect to all grounds he seeks to raise in this action. The motion to reopen must be accompanied by a second amended petition for writ of habeas corpus. Sinchak must include in that petition all grounds on which he seeks relief, and shall attach copies of any state court decisions documenting the exhaustion of those grounds.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, I conclude that reasonable jurists would not find it debatable that Sinchak has, as yet, failed to exhaust his state court remedies. Therefore, a certificate of appealability will not issue.

The Clerk shall enter judgment and close the case.

So ordered.

Dated at Bridgeport, Connecticut this 29th day of August 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge